1   JANET M. HEROLD, Regional Solicitor
    KATHERINE M. KASAMEYER, Trial Attorney
2   California State Bar Number 261820
3   United States Department of Labor
    Office of the Solicitor
4   90 Seventh Street, Suite 3-700
5   San Francisco, California 94103
    Telephone: (415) 625-7742
6   Facsimile: (415) 625-7772
7   Email: kasameyer.katherine@dol.gov

8
    Attorneys for Plaintiff, THOMAS E. PEREZ, Secretary
9   United States Department of Labor

10
           UNITED STATES DISTRICT COURT FOR THE
11
             NORTHERN DISTRICT OF CALIFORNIA
12

13
    THOMAS E. PEREZ, Secretary of Labor, ) Docket No.: _____
14  United States Department of Labor,    )
                                          )
15         Plaintiff,                     ) COMPLAINT FOR VIOLATIONS
16      v.                                ) OF THE FAIR LABOR
                                          ) STANDARDS ACT
17  HELEN CARRANZA, an individual d/b/a ) (29 U.S.C. §§ 201, et seq.)
18  KERN ADULT RESIDENTIAL               )
    FACILITY, CARRANZA NO. 1 ADULT )
19  RESIDENTIAL FACILITY, CARRANZA)
20  NO. 2 ADULT RESIDENTIAL              )
    FACILITY, VALDEZ CARE HOME, and )
21  ROSSMORE ADULT RESIDENTIAL       )
22  FACILITY; and                        )
    EDUARDO CARRANZA, an individual   )
23  d/b/a KERN ADULT RESIDENTIAL      )
24  FACILITY, CARRANZA NO. 1 ADULT )
    RESIDENTIAL FACILITY, CARRANZA)
25  NO. 2 ADULT RESIDENTIAL              )
    FACILITY, VALDEZ CARE HOME, and )
26
    COMPLAINT FOR VIOLATIONS OF FLSA                        Page 1 of 1

1  ROSSMORE ADULT RESIDENTIAL      )
2  FACILITY,                       )
                                   )
3          Defendants.             )
   _____)

4

5      1.    Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States

6  Department of Labor, brings this action to enjoin Defendants HELEN

7  CARRANZA, an individual d/b/a KERN ADULT RESIDENTIAL FACILITY,

8  CARRANZA NO. 1 ADULT RESIDENTIAL FACILITY, CARRANZA NO. 2

9  ADULT RESIDENTIAL FACILITY, VALDEZ CARE HOME, and ROSSMORE

10 ADULT RESIDENTIAL FACILITY; and EDUARDO CARRANZA d/b/a KERN

11 ADULT RESIDENTIAL FACILITY, CARRANZA NO. 1 ADULT

12 RESIDENTIAL FACILITY, CARRANZA NO. 2 ADULT RESIDENTIAL

13 FACILITY, VALDEZ CARE HOME, and ROSSMORE ADULT RESIDENTIAL

14 FACILITY ("Defendants") from violating the provisions of the Fair Labor

15 Standards Act of 1938, as amended (hereinafter called "FLSA" or the "Act"), 29

16 U.S.C. § 201 *et seq.*, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and to

17 recover unpaid minimum wage and overtime compensation owed under the Act to

18 present and former employees of Defendants, including those listed by name on the

19 attached Exhibit A to this Complaint, together with an equal amount of liquidated

20 damages, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c).

21     2.    This Court has subject matter jurisdiction pursuant to Sections 16(c)

22 and 17 of the Act, 29 U.S.C. §§ 216(c) and 217; this Court also has subject matter

23 jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. § 1345

24 (United States as plaintiff).

25

26
   COMPLAINT FOR VIOLATIONS OF FLSA                          Page 2 of 2

1    3.    Venue lies in the United States District Court for the Northern District

2  of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events

3  giving rise to the claims at issue occurred in or around San Jose, California.

4    4.    (a)    Defendant HELEN CARRANZA, an individual d/b/a KERN

5  ADULT RESIDENTIAL FACILITY, CARRANZA NO. 1 ADULT

6  RESIDENTIAL FACILITY, CARRANZA NO. 2 ADULT RESIDENTIAL

7  FACILITY, VALDEZ CARE HOME, and ROSSMORE ADULT RESIDENTIAL

8  FACILITY, is and at all times hereinafter mentioned was a sole proprietorship with

9  offices and a places of business at: 2785 Kern Avenue, San Jose, CA; 2052 Laddie

10  Way, San Jose, CA; 4339 Moorpark Ave., San Jose, CA; 2565 Sugar Plum Drive,

11  San Jose, CA; and 2955 Rossmore Lane, San Jose, CA, within the jurisdiction of

12  this Court, and is, and at all times hereinafter mentioned was, engaged in the

13  operation of an institution primarily engaged in the care of the sick, the aged, or the

14  mentally ill or defective who reside on the premises of such institution.

15    (b)    Defendant EDUARDO CARRANZA, an individual d/b/a

16  KERN ADULT RESIDENTIAL FACILITY, CARRANZA NO. 1 ADULT

17  RESIDENTIAL FACILITY, CARRANZA NO. 2 ADULT RESIDENTIAL

18  FACILITY, VALDEZ CARE HOME, and ROSSMORE ADULT RESIDENTIAL

19  FACILITY, is and at all times hereinafter mentioned was a sole proprietorship with

20  offices and a places of business at: 2785 Kern Avenue, San Jose, CA; 2052 Laddie

21  Way, San Jose, CA; 4339 Moorpark Ave., San Jose, CA; 2565 Sugar Plum Drive,

22  San Jose, CA; and 2955 Rossmore Lane, San Jose, CA, within the jurisdiction of

23  this Court, and is, and at all times hereinafter mentioned was, engaged in the

24  operation of an institution primarily engaged in the care of the sick, the aged, or the

25  mentally ill or defective who reside on the premises of such institution.

26
COMPLAINT FOR VIOLATIONS OF FLSA                              Page 3 of 3

1         (c)    Defendant, HELEN CARRANZA, an individual, at all times

2    hereinafter mentioned acted directly or indirectly in the interest of the KERN

3    ADULT RESIDENTIAL FACILITY, CARRANZA NO. 1 ADULT

4    RESIDENTIAL FACILITY, CARRANZA NO. 2 ADULT RESIDENTIAL

5    FACILITY, VALDEZ CARE HOME, and ROSSMORE ADULT RESIDENTIAL

6    FACILITY in relation to their employees.

7         (d)    Defendant, EDUARDO CARRANZA, an individual, at all

8    times hereinafter mentioned acted directly or indirectly in the interest of the KERN

9    ADULT RESIDENTIAL FACILITY, CARRANZA NO. 1 ADULT

10   RESIDENTIAL FACILITY, CARRANZA NO. 2 ADULT RESIDENTIAL

11   FACILITY, VALDEZ CARE HOME, and ROSSMORE ADULT RESIDENTIAL

12   FACILITY in relation to their employees.

13       5.    Defendants are, and at all times hereinafter mentioned were, engaged

14   in related activities performed through unified operation or common control for a

15   common business purpose, and are and at all times hereinafter mentioned were, an

16   enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

17   Defendants Helen and Eduardo Carranza, husband and wife, exercise control over

18   all facilities, including by jointly purchasing food and supplies for all facilities, by

19   maintaining unified lists of employees and payments to them, and by treating all

20   facilities as separate locations of the same business for tax purposes.

21       6.    Defendants are, and at all times hereinafter mentioned were, an

22   enterprise engaged in commerce or in the production of goods for commerce

23   within the meaning of Section 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B), in

24   that said enterprise at all times hereinafter mentioned had employees engaged in

25

26
    COMPLAINT FOR VIOLATIONS OF FLSA           Page 4 of 4

1  the operation of institutions primarily engaged in the care of the sick, the aged, or

2  the mentally ill or defective who reside on the premises of such institutions.

3        7.        Defendants have repeatedly violated the provisions of  Sections 6 and

4  15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wages at

5  rates less than the applicable federal minimum wage in workweeks when said

6  employees were engaged in the operation of institutions primarily engaged in the

7  care of the sick, the aged, or the mentally ill or defective who reside on the

8  premises of such institutions within the meaning of the Act, as aforesaid from at

9  least August 29, 2010 through present ("Subject Period").  The violative pay

10 practices included paying a flat salary for all hours worked so that the rate per hour

11 was less than the minimum wage and failure to pay for all unscheduled hours when

12 employees were required to work to care for the sick, aged or mentally ill or

13 defective persons who lived on the premises.

14        8.        Defendants have repeatedly violated the provisions of Sections 7 and

15 15(a)(2) of the Act, 29 U.S.C. §§ 217 and 215(a)(2), by employing employees who

16 in workweeks were engaged in the operation of institutions primarily engaged in

17 the care of the sick, the aged, or the mentally ill or defective who reside on the

18 premises of such institutions within the meaning of the Act, as aforesaid, for

19 workweeks longer than forty hours without compensating said employees for their

20 employment in excess of forty hours per week during such workweeks at rates not

21 less than one and one-half times the regular rate at which they were employed from

22 at least August 29, 2010 through present ("Subject Period").  The violative  pay

23 practices included failure to pay for all unscheduled hours when employees were

24 required to work to care for the sick, aged or mentally ill or defective persons who

25 lived on the premises.

26
COMPLAINT FOR VIOLATIONS OF FLSA                                        Page 5 of 5

1    9.    Defendants, employers subject to the provisions of the Act, have

2  violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§

3  211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and

4  accurate records of employees and the wages, hours and other conditions and

5  practices of employment maintained by them as prescribed by regulations duly

6  issued pursuant to authority granted in the Act and found in 29 CFR § 516, in that

7  records fail to show adequately and accurately, among other things, the hours

8  worked each workday with respect to several employees.

9    10.    (a)    During the Subject Period, Defendants have willfully violated

10  the aforesaid provisions of the Act.

11           (b)    As a result of the aforesaid violations of the Act, there is unpaid

12  minimum wage compensation being withheld by Defendants.

13           (c)    As a result of the aforesaid violations of the Act, there is unpaid

14  overtime compensation being withheld by Defendants.

15           (d)    Judgment permanently enjoining and restraining such violations

16  of the Act is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

17           (e)    Judgment enjoining and restraining any continued withholding

18  of unpaid overtime compensation due under the Act is specifically authorized by

19  Section 17 of the Act, 29 U.S.C. § 217.

20           (f)    Judgment awarding unpaid back wages due under the Act, plus

21  an additional amount as liquidated damages that is equal to the amount of the back

22  wages that accrued under the Act, is specifically authorized by Section 16(c) of the

23  Act, 29 U.S.C. § 216(c).

24    **WHEREFORE**, cause having been shown, Plaintiff prays for a judgment

25  against Defendants as follows:

26

COMPLAINT FOR VIOLATIONS OF FLSA                              Page 6 of 6

1        (a)     For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217,

2  permanently enjoining and restraining Defendants, their officers, agents, servants,

3  employees, and those persons in active concert or participation with Defendants,

4  from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. §

5  215; and

6        (b)     For an Order

7           (i)     pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c),

8  finding Defendants liable for minimum wage and overtime compensation due

9  Defendants' employees and for liquidated damages equal in amount to the

10  minimum wage and overtime compensation found due to Defendants' employees,

11  including those listed in the attached Exhibit A;

12          (ii)    in the event liquidated damages are not awarded, pursuant to

13  Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, its

14  officers, agents, servants, employees and those persons in active concert or

15  participation with Defendants, from withholding payment of unpaid back wages

16  found to be due Defendants' employees, and pre-judgment interest at an

17  appropriate interest rate;

18        (c)     For an Order, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217,

19  enjoining and restraining Defendants, its officers, agents, servants, employees and

20  those persons in active concert or participation with Defendants, from failing to

21  make, keep and preserve adequate and accurate records of employees and the

22  wages, hours and other conditions and practices of employment maintained by

23  them as prescribed by regulations duly issued pursuant to authority granted in the

24  FLSA and found in 29 CFR § 516;

25        (d)     For an Order awarding Plaintiff the costs of this action; and

26

1        (e)      For an Order granting such other and further relief as may be

2    necessary or appropriate.

3

4    Dated:  October 31 , 2013

5                                                        M. PATRICIA SMITH
                                                         Solicitor of Labor
6
                                                         JANET M. HEROLD
7                                                        Regional Solicitor

8                                                        By:

9

10                                                       KATHERINE M. KASAMEYER
                                                         Trial Attorney
11

12                                                       Attorneys for Plaintiff
                                                         Acting Secretary of Labor,
13                                                       U.S. Department of Labor

14

15

16

17

18

19

20

21

22

23

24

25

26
     COMPLAINT FOR VIOLATIONS OF FLSA                                    Page 8 of 8

1

**EXHIBIT A**

2
CARDENAS, FELIX

3
CAYETANO, GERALDINE

4
COLLADO, SHUJEN

5
ESTEBAN, GLORIA

6
ESTEBAN, VICTOR

7
MAMUYAZ, EDNA

8
MARTINEZ, LEONARDO

9
REYES, JOBERT

10
SANCHEZ, LUZVIMINDA

11
UBER, AMELITA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR VIOLATIONS OF FLSA                                                Page 9 of 9