UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | Case No. C-13-5093-RMW |
| Plaintiff, | **FINAL JUDGMENT** |
| v. | **[Re: Docket No. 15]** |
| HELEN CARRANZA, an individual doing business as KERN ADULT RESIDENTIAL FACILITY, CARRANZA NO. 1 ADULT RESIDENTIAL FACILITY, CARRANZA NO. 2 ADULT RESIDENTIAL FACILITY, VALDEZ CARE HOME, and ROSSMORE ADULT RESIDENTIAL FACILITY; and EDUARDO CARRANZA, an individual doing business as KERN ADULT RESIDENTIAL FACILITY, CARRANZA NO. 1 ADULT RESIDENTIAL FACILITY, CARRANZA NO. 2 ADULT RESIDENTIAL FACILITY, VALDEZ CARE HOME, and ROSSMORE ADULT RESIDENTIAL FACILITY, | |
| Defendants. | |

On January 16, 2014, the court entered default against defendants Helen Carranza and Eduardo Carranza ("defendants"). Dkt. No. 10. Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), now moves for damages and an injunction pursuant to the default. Dkt. No. 15.

The court finds that the Secretary is entitled to the relief sought. The Secretary is entitled to judgment as to the unpaid minimum and overtime wages as compensation for violation of various sections of the Fair Labor Standards Act. Judgment is also entered as to liquidated damages pursuant to 29 U.S.C. § 216(c).

The requested injunction is also entered pursuant to 29 U.S.C. § 217. "In deciding whether to grant injunctive relief, a district court must weigh the finding of violations against factors that indicate a reasonable likelihood that the violations will not recur. A dependable, bona fide intent to comply, or good faith coupled with extraordinary efforts to prevent recurrence, are such appropriate factors. An employer's pattern of repetitive violations or a finding of bad faith are factors weighing heavily in favor of granting a prospective injunction." *Brock v. Big Bear Mkt. No. 3*, 825 F.2d 1381, 1383 (9th Cir. 1987). Because the defendants have failed to respond to this action, the court has no evidence indicating "a reasonable likelihood that the violations will not recur." *Id*. Therefore, a prospective injunction is proper.

Accordingly,

1. JUDGMENT IS HEREBY ENTERED against Defendants in accordance with the prayer of the Complaint in this action pursuant to sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, (the "Act"), as follows:

2. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, pursuant to Section 17 of the Act, that the Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest hereby are permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

    a. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, or are engaged in the operation of institutions primarily engaged in the care of the sick,

       the aged, or the mentally ill or defective who reside on the premises of such institutions, within the meaning of the Act;

  b. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, or are engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institutions, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed;

  c. Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the Act and found in 29 C.F.R. Part 516;

  d. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall any Defendant accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or

1  retained money due to him from the Defendants under the provisions of this
2  Judgment or the Act;
3      e. Defendants shall not continue to withhold the amount of $129,012.42
4  representing unpaid minimum wage and overtime due under Section 17 of the
5  FLSA.
6  3. FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to Section 16(c) of the Act,
7  29 U.S.C. § 216(c) in favor of the Plaintiff and against Defendants in the total amount of
8  $258,024.84. This sum represents the unpaid minimum wage and overtime referenced in
9  paragraph (e) above, and an equal amount in liquidated damages.
10      a. Defendants shall pay to the Plaintiff the sum of $82,141.12 which represents the
11  unpaid minimum wage hereby found to be due, for the period from August 29,
12  2010, through present ("Subject Period"), to the present and former employees
13  named in Exhibit A, attached hereto and made a part hereof ("Exhibit A"), in the
14  amounts set forth therein.
15      b. In addition, Defendants shall pay to the Plaintiff the sum of $46,871.10, which
16  represents the unpaid overtime compensation hereby found to be due, for the
17  Subject Period, to the present and former employees named in Exhibit A, in the
18  amounts set forth therein.
19      c. Defendants shall further pay to Plaintiff as liquidated damages the additional sum
20  of $129,012.42 hereby found to be due, for the Subject Period, to the present and
21  former employees named in Exhibit A, in the amounts set forth therein.
22      d. The monetary provisions of this judgment shall be deemed satisfied upon
23  Defendants' delivery to:
24          Assistant District Director, San Jose Area Office
25          US Dept. of Labor, Wage & Hour Division
26          96 North 3rd Street, Suite 400
27          San Jose, CA 95112-7709
28  of the following:

      i. A schedule in duplicate showing the name, last known address, gross amount of wages due to each employee as set forth on Exhibit A;

      ii. A certified check or cashier's check in the amount of $129,012.42 made payable to the order of the "Wage and Hour Div., Labor" and referencing "Carranzas – 113-05093 – BW" on the face of the check; and,

      iii. A certified check or cashier's check in the amount of $129,012.42 made payable to the order of the "Wage and Hour Div., Labor" and referencing "Carranzas – 113-05093 – LDS" on the face of the check.

4. Plaintiff shall distribute the checks referred to in paragraph 3(d)(ii)-(iii), or the proceeds thereof, to the persons named in Exhibit A, or to their estates, if that be necessary, and any amounts of unpaid minimum wage, unpaid overtime compensation, or liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

5. FURTHER, it is ORDERED that Plaintiff shall recover from Defendants post judgment interest pursuant to 28 U.S.C. § 1961 and it is further

6. ORDERED that a true copy of this judgment shall be served on Defendants by a representative of the Wage and Hour Division within 10 days of entry; and it is further

7. ORDERED that Defendants pay the costs of this action, including the expenses for service of a true copy of this Judgment, as aforesaid.

**EXHIBIT A**

| NAME | BACK WAGES DUE | LIQUIDATED DAMAGES DUE | TOTAL DUE TO EMPLOYEE |
|---|---:|---:|---:|
| Cardenas, Felix | $10,437.20 | $10,437.20 | $20,874.40 |
| Cayetano, Geraldine | $6,253.86 | $6,253.86 | $12,507.72 |
| Collado, Shujen | $948.07 | $948.07 | $1,896.14 |
| Esteban, Gloria | $42,064.45 | $42,064.45 | $84,128.90 |
| Esteban, Victor | $13,940.00 | $13,940.00 | $27,880.00 |
| Mamuyaz, Edna | $6,648.96 | $6,648.96 | $13,297.92 |
| Martinez, Leonardo | $737.69 | $737.69 | $1,475.38 |
| Reyes, Jobert | $24,369.50 | $24,369.50 | $48,739.00 |
| Sanchez, Luzviminda | $11,220.49 | $11,220.49 | $22,440.98 |
| Uber, Amelita | $12,392.20 | $12,392.20 | $24,784.40 |
| **TOTAL** | $129,012.42 | $129,012.42 | **$258,024.84** |

Dated: May 9, 2014

_____
RONALD M. WHYTE
United States District Judge

**United States District Court**
**For the Northern District of California**

DEFAULT JUDGMENT
Case No. C-13-5093-RMW
RDS

- 6 -